JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-2695
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN ROGER LAGACE ) <br>   a/k/a/ BRANDON DRAPER, ) <br> ) <br>    Defendant. ) <br>_____) | No. CR 08-00088-JW <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: September 15, 2008 <br> Time: 1:30 p.m. |

## INTRODUCTION

The United States hereby submits its sentencing memorandum in the above-referenced case. On February 21, 2008, before Magistrate Judge Trumbull, Mr. Lagace pled not guilty following arraignment on a three-count information charging him with one count of conspiracy to distribute 27 grams and more of lysergic acid diethylamide (hereinafter referred to as "LSD") in violation of 21 U.S.C. § 846. On April 29, 2008, before this court, Mr. Lagace changed his plea and pled guilty to count two of the information pursuant to a binding plea agreement. Mr. Lagace is scheduled to be sentenced on September 15, 2008. The government agrees with Probation Officer Aylin Raya's guideline calculation and sentencing recommendation of 120 months imprisonment.

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 08-00088-JW**

**1**

## SENTENCING GUIDELINES CALCULATION

**2** Pursuant to the United States Sentencing Guidelines ("USSG"), which are advisory after the
**3** Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and due to the type
**4** and quantity of drugs the defendant possessed (27 grams of LSD), his base offense level is 32.
**5** [PSR 7. USSG § 2D1.1(c)(4)] Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of
**6** Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in
**7** an adjusted offense level of 29. [PSR 7.] In the plea agreement, the parties agreed to this
**8** adjusted offense level. Furthermore, in the plea agreement, the parties recognize and agree to the
**9** application of the statutory mandatory minimum sentence of 120 months in custody.

**10** The government and the Probation Officer calculate that the defendant has six criminal
**11** history points, and therefore, falls into Criminal History Category III. [PSR 8.] An adjusted
**12** offense level of 29 when indexed with a Criminal History Category of III yields a guideline
**13** range of 108-135 months imprisonment. Once again, under 21 U.S.C. § 841(b)(1)(A)(v), the
**14** mandatory minimum sentence of 120 months applies in this case. Therefore, this defendant must
**15** receive, at least, at sentence at the middle of his guideline range. Probation Officer Raya
**16** recommends a sentence of 120 months imprisonment and a $100 special assessment. [PSR
**17** Addendum.] Probation Officer Raya also recommends that the defendant be placed on
**18** supervised release for ten years and that no restitution be imposed. [PSR Addendum.]

**19** The government has reviewed the presentence report and has no objection to the factual
**20** information contained therein. The government agrees with Probation Officer Raya's guideline
**21** calculation, and agrees that a reasonable and just sentence in this case would be the sentence
**22** stipulated to in the plea agreement, that is, at the mandatory minimum level of 120 months in
**23** custody.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

**25** The government recommends that the defendant be sentenced to the applicable mandatory
**26** minimum term of imprisonment of 120 months in custody, the minimum term of supervised
**27** release of 10 years, no fine, and a $100 special assessment. Also, the defendant consented to the
**28** forfeiture of specified property in paragraph 10 of his plea agreement.

1  First, this defendant possessed a substantial quantity of LSD. According the DEA, one gram
2  of crystal LSD may produce 1,000 individual doses. Therefore, this defendant possessed
3  roughly 27,000 individual dosage units of LSD.

4  The drugs possessed by the defendant, in particular, the quantity of LSD, had the potential to
5  impact a significant portion of the community. Furthermore, the defendant possessed the LSD
6  along with various other controlled substances [e.g dimethyltryptamine (DMT) and hashish], in a
7  home in which his five year-old child resided. The defendant ignored the risks posed to his
8  daughter through accessible dangerous substances.

9  Finally, the defendant's past criminal conduct includes two prior drug possession convictions
10 and an active warrant for failing to appear in San Diego, CA. As discussed in the PSR, the
11 defendant's criminal history prevents him from seeking relief from the mandatory minimum
12 sentence under the "safety valve" provisions of the U.S. Sentencing Guidelines § 5C1.2(a)(1)-
13 (5). Even more, the defendant's criminal history demonstrates his consistent and ongoing
14 disregard of laws. As the PSR notes, it appears the defendant has supported himself for many
15 years through drug sales. Throughout this time, the defendant demonstrated his contempt for
16 law enforcement. Imposition of the mandatory minimum term of imprisonment in this case is
17 just and reasonable.

18 DATED: September 8, 2008                Respectfully submitted,

19                                         JOSEPH P. RUSSONIELLO
                                           United States Attorney

22                                         ___/s/_____
                                           JEFFREY B. SCHENK
23                                         Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 08-00088-JW**                    3